# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MELODY D. CARDER,
   Appellant,

  v.

DEPARTMENT OF DEFENSE,
   Agency.

DOCKET NUMBER
DA-0752-14-0620-I-1

DATE: April 13, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Charles E. Allenburg, Esquire, Virginia Beach, Virginia, for the appellant.

Kathy A. Ault, Tinker Air Force Base, Oklahoma, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The agency has filed a petition for review of the initial decision, which cancelled the appellant's 15-day suspension based upon a due process violation. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    At the time relevant to this appeal, the appellant held the position of Transportation Clerk. *Compare* Initial Appeal File (IAF), Tab 4 at 17 (August 10, 2014 Standard Form 50, reflecting the Transportation Clerk position), *with* IAF, Tab 1 at 1 (August 25, 2014 appeal, reflecting an Administrative Support Clerk position). In March 2014, she notified the agency that she had been arrested for possession of marijuana and drug paraphernalia. *See* IAF, Tab 5 at 8; *see also id*. at 9-14 (police reports). The agency proposed the appellant's removal for illegal marijuana use and failure to comply with the drug-free workplace program. IAF, Tab 4 at 30-31. The deciding official upheld the illegal marijuana use charge and mitigated the removal to a 15-day suspension. *Id.* at 18-22.

¶3    The appellant appealed her suspension to the Board. IAF, Tab 1. Without addressing the merits of the charged misconduct, the administrative judge cancelled the suspension. IAF, Tab 16, Initial Decision (ID) at 2. The administrative judge found that the agency violated the appellant's right to due process by failing to notify her that it would be considering some attendance issues as an aggravating factor in determining the appropriate penalty. ID at 2-7.

The agency has filed a petition for review. Petition for Review (PFR) File, Tab 1. The appellant has filed a response. PFR File, Tab 5.

¶4    When an agency intends to rely on aggravating factors as the basis for the imposition of a penalty, such factors should be included in the advance notice of adverse action so that the employee will have a fair opportunity to respond to those factors before the agency's deciding official. *Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 5 (2011). Here, the agency first argues that, contrary to the administrative judge's finding, the deciding official did not consider the appellant's purported attendance issues as an aggravating factor. PFR File, Tab 1 at 6-7. Instead, the agency asserts that the deciding official simply cited her attendance to establish a nexus between the appellant's off-duty conduct and the efficiency of the service. *Id*. at 7-8. We disagree.

¶5    Neither the proposal to removal the appellant, nor the subsequent decision to suspend her, contained any mention of her being on leave restriction; leave-related concerns; or an absence without leave charge. *See* IAF, Tab 4 at 18-20, 30-31. In terms of past discipline, both letters indicated that the appellant had none. *Id*. at 19, 24. In terms of her past work record, length of service, and performance, both simply noted that the appellant had 5 years of prior service and her most recent performance rating was "fully successful." *Id*. Nevertheless, the deciding official expressly testified that he considered her attendance in his "*Douglas* analysis." *See* IAF, Tab 18, Hearing Transcript (HT) at 72 (referencing *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (discussing factors that are relevant for consideration in determining the appropriateness of a penalty)). He explained that he considered the appellant's attendance in terms of her past discipline as well as her past work record, length of service, and performance. HT at 78-79; IAF, Tab 4 at 19. The administrative judge asked what the deciding official was thinking as he considered the appellant's attendance in terms of past discipline, to which the deciding official indicated that the appellant was on a leave restriction letter. HT at 79. The

administrative judge also asked why this was not included in his decision letter if it was considered an aggravating factor, to which the deciding official simply replied that he did not know. *Id*. Accordingly, the administrative judge correctly found that the appellant's purported leave issues were used as an aggravating factor in the penalty determination. ID at 4, 6.

¶6 The agency next suggests that the deciding official had personal knowledge of the appellant's past attendance issues, and that this somehow distinguishes the present case from those where another party introduced new information to the deciding official. *See* PFR File, Tab 1 at 8-9. However, the distinction the agency is relying on is one that the Board has not accepted. *See Lopes*, 116 M.S.P.R. 470, ¶ 10. When a deciding official considers information not included in the proposed adverse action, regardless of whether that information was personally known to the deciding official or introduced by another party, the employee is no longer on notice of portions of the evidence relied upon by the agency in imposing the penalty, resulting in a potential constitutional violation. *Id*.

¶7 Finally, the agency argues that information about the appellant's purported attendance issues did not result in a due process violation because it was neither new nor material. The agency asserts that the information about her attendance was not new because her absences occurred in the past, prior to the suspension at hand. PFR File, Tab 1 at 9-10. The agency also suggests that the appellant admitted having attendance problems and that there is no reason to believe the deciding official would have reached a different result in the absence of this information. *Id*. at 11-16.

¶8 Not every ex parte communication rises to the level of a due process violation; only ex parte communications that introduce new and material information to the deciding official constitute due process violations. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999). The Board will consider the following factors, among others, to determine

whether an ex parte contact is constitutionally impermissible: (1) "whether the ex parte communication merely introduces cumulative information or new information;" (2) "whether the employee knew of the error and had a chance to respond to it;" and (3) "whether the ex parte communications were of the type likely to result in undue pressure upon the deciding official to rule in a particular manner." *Id.* at 1377. Ultimately, the question is whether the ex parte communication is "so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances."[2] *Ward*, 634 F.3d at 1279.

¶9       As to the first *Stone* factor, the fact that the appellant's purported attendance issues occurred at some point in the past, prior to the proposed discipline at hand, is not dispositive. The information was still new, regardless of the date of occurrence, based upon the lack of notice to the appellant. *See, e.g.*, *Lopes*, 116 M.S.P.R. 470, ¶¶ 10-11 (finding that the appellant's prior discipline was new because the agency failed to include the information in its notice of proposed removal or elsewhere in the case file provided to the appellant). In addition, because the attendance issues were unrelated to anything contained in the record, it cannot be dismissed as cumulative. *Cf. Blank v. Department of the Army*, 247 F.3d 1225, 1229-30 (Fed. Cir. 2001) (finding that ex parte communications did not introduce new and material information in violation of due process where it merely confirmed and clarified that which was already contained in the record).

---

[2] The agency's reliance on *Powers v. Department of the Treasury*, 86 M.S.P.R. 256 (2000), for an alternate standard is misplaced. *See* PFR File, Tab 1 at 10-11. *Powers* did note that the Board considers evidence to be material to a proceeding only where it is of sufficient weight to warrant a different outcome. *Powers*, 86 M.S.P.R. 256, ¶ 12. However, *Powers* also noted that the ultimate inquiry is whether the ex parte communication is so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances. *Id*. (citing *Stone*, 179 F.3d at 1377). Subsequent precedent from our reviewing court has clearly established that a due process violation is not subject to harmless error. *See, e.g.*, *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1280 (Fed. Cir. 2011).

¶10     As to the second *Stone* factor, the appellant certainly had personal knowledge of her own attendance, but she lacked the knowledge that the deciding official would be considering it as aggravating. Her testimony before the administrative judge, acknowledging that she had taken a fair amount of leave for medical issues, HT at 103, is of no consequence. The relevant inquiry is whether the appellant knew of the information and had the opportunity to respond before the deciding official considered it. *Stone*, 179 F.3d at 1377. Because the agency failed to provide the appellant notice that her attendance would be considered an aggravating factor in its penalty analysis, she was unable to explain her leave to the deciding official or otherwise argue that it should not be considered aggravating for this unrelated misconduct. *See Lopes*, 116 M.S.P.R. 470, ¶ 11 (finding that even though the appellant was clearly aware of his own prior suspension, the agency's failure to advise him that it would be considered in his proposed removal deprived him of the opportunity to respond to it).

¶11     As to the third *Stone* factor, the deciding official's testimony establishes that he considered the appellant's purported attendance issues as aggravating in his penalty analysis. *See* HT at 79. Ex parte communication is plainly material when the deciding official has admitted that the information influenced his penalty determination. *Silberman v. Department of Labor*, 116 M.S.P.R. 501, ¶ 12 (2011). To the extent that the agency implies that the deciding official may have imposed the same penalty even in the absence of the new information, PFR File, Tab 1 at 13-14, we are not persuaded, *see Kolenc v. Department of Health & Human Services*, 120 M.S.P.R. 101, ¶ 22 (2013) (when the first *Stone* factor "strongly suggests" a due process violation, "any deficiency of the third factor is less significant") (quoting *Young v. Department of Housing & Urban Development*, 706 F.3d 1372, 1377 (Fed. Cir. 2013)).

¶12     Based upon the above, we find no error in the administrative judge's determination that the deciding official's consideration of the appellant's purported attendance issues rose to the level of a due process violation. That

violation cannot be excused as harmless. *See Lopes*, [116 M.S.P.R. 470](), ¶ 13. Instead, the suspension must be reversed and this matter remanded to the agency to afford the appellant constitutionally-correct procedures. *See Silberman*, [116 M.S.P.R. 501](), ¶ 14.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* [5 U.S.C. § 7703](b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, [931 F.2d 1544]() (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 ([5 U.S.C. § 7703]()) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                            _____
                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.